# In the United States Court of Federal Claims

(Pro Se)

|  |  |
|---|---|
| MARK L. BARNES, | ) |
| Plaintiff, | ) |
| v. | ) No. 23-455T |
|  | ) (Filed: March 28, 2024) |
| THE UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

Mark L. Barnes, Pro Se, Detroit, MI.

Alex Schulman, Attorney of Record, U.S. Department of Justice, Tax Division, Court of Federal Claims Section, Washington, DC, with whom were Mary M. Abate, Assistant Chief, Court of Federal Claims Section, David I. Pincus, Chief, Court of Federal Claims Section, and David A. Hubbert, Deputy Assistant Attorney General, for Defendant.

## OPINION AND ORDER

**KAPLAN, Chief Judge.**

Mark L. Barnes, who is proceeding pro se, filed a complaint challenging several tax penalties that the Internal Revenue Service ("IRS") charged him years ago. The government moved to dismiss the complaint for lack of subject-matter jurisdiction. The Court agrees that the allegations in the complaint fall outside of its jurisdiction. The Court will therefore grant the government's motion and dismiss Mr. Barnes' complaint.

## BACKGROUND[1]

Mr. Barnes commenced this action in March 2023. See Compl. at 3, Docket No. 1. Although the allegations in his complaint are unclear, they seem mainly to concern tax penalties

---

[1] The facts in this section are based on the allegations in Mr. Barnes' complaint, which the Court accepts as true for purposes of ruling on the pending motion to dismiss. See Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). For purposes of background, the Court also includes jurisdictional facts drawn from the exhibits to the government's motion to dismiss and from the public docket of the United States Tax Court. See Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991) (explaining that the Court may go outside of the pleadings when ruling on a motion to dismiss under RCFC 12(b)(1) and "inquire into jurisdictional facts" to determine whether it has jurisdiction).

that the IRS charged him in the 2013, 2014, and 2016 tax years. See id. at 2. In those years, the IRS assessed penalties against Mr. Barnes under Internal Revenue Code ("I.R.C.") § 6702(a) for filing frivolous tax returns. Def.'s Mot. to Dismiss for Lack of Jurisdiction ("Def.'s Mot.") Ex. 3 (Certificates of Assessments), at 2, 6, 10, Docket No. 11-3. Mr. Barnes alleges that the IRS assessed additional penalties against him "for a tax return filed in 2019." Compl. at 2. He does not allege, nor do the IRS's records reflect, that he paid the penalties. See id.; Def.'s Mot. Ex. 3, at 3–4, 7–8, 10–11. Mr. Barnes requests that "these trumped up penalties by the IRS be discharged." Compl. at 3.

Mr. Barnes also appears to contest the outcome of a petition he brought before the United States Tax Court. See id. at 2; Def.'s Mot. Ex. 1 (Tax Court Decision), at 1, Docket No. 11-1; see also Order, Barnes v. Comm'r, No. 19884-18 (T.C. Sept. 19, 2019). He apparently sought a refund of his withholdings for the 2016 tax year but failed to report nearly $50,000 in wages. Def.'s Mot. Ex. 4 (Appeals Transmittal and Case Memo), at 2–3, Docket No. 11-4. The Tax Court concluded that Mr. Barnes had a tax deficiency for that year. Def.'s Mot. Ex. 1, at 1.

Finally, Mr. Barnes seems to allege that his wife improperly claimed tax credits related to their child and, as a result, that he was unable to claim the credits. See Compl. at 2. Mr. Barnes further alleges that, despite his request, the IRS has not investigated the matter. Id. He seeks "access [to] child credits for joint parents" and an order directing the IRS to audit his wife's account and "pay [him] his credits shared." Id. at 3.

The government twice moved for extensions of time to review Mr. Barnes' IRS records and answer his complaint. See Def.'s Mots. for Extension of Time, Docket Nos. 7 & 9. On September 29, 2023, after reviewing the IRS's records, the government moved to dismiss the complaint for lack of subject-matter jurisdiction, pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims. See Def.'s Mot., Docket No. 11.

In late October 2023, Mr. Barnes requested an extension of time to respond to the government's motion. See Pl.'s Mot. for Extension of Time, Docket No. 13; Pl.'s Corrected Mot. for Extension of Time, Docket No. 14. The Court granted Mr. Barnes' request and directed him to file his response in December 2023. Order, Docket No. 16.

In December, rather than filing his response, Mr. Barnes served requests for admission on the government. Pl.'s Reqs. for Admis., Docket No. 17. He then filed a motion to compel the government to respond to his requests, and he asked for another extension of time to respond to the government's motion to dismiss. Pl.'s Mot. to Compel and Mot. for Extension of Time, Docket No. 18.

Last month, the Court denied Mr. Barnes' motion to compel the government to respond to his requests for admission. Order, Docket No. 20. The Court, however, granted his motion for an extension of time and directed him to file his response to the government's motion to dismiss by March 21, 2024. Id. Mr. Barnes did not respond by the due date.

**DISCUSSION**

I. **Standard for Determining Subject-Matter Jurisdiction**

In assessing a motion to dismiss for lack of subject-matter jurisdiction, the Court accepts all undisputed facts as true and "draw[s] all reasonable inferences in favor of the plaintiff." Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The Court also considers exhibits attached to the pleadings and matters of which it may take judicial notice, Rocky Mountain Helium, LLC v. United States, 841 F.3d 1320, 1325 (Fed. Cir. 2016) (citing RCFC 10(c)), and may "inquire into jurisdictional facts that are disputed," Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991).

The pleadings of a pro se plaintiff are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nevertheless, pro se plaintiffs still bear the burden of establishing that the Court has subject-matter jurisdiction. See Trusted Integration, 659 F.3d at 1163. "If the [C]ourt determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3); see also Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94–95 (1998).

II. **The Government's Motion to Dismiss for Lack of Subject-Matter Jurisdiction**

The government argues in its motion to dismiss that the Court lacks jurisdiction over Mr. Barnes' claims concerning the tax penalties that the IRS charged him years ago because he has not paid those penalties. Def.'s Mot. at 4–5. The government further contends that the Court lacks jurisdiction to review the Tax Court's determination that Mr. Barnes had a tax deficiency in the 2016 tax year. Id. at 5. Finally, the government maintains that the Court cannot direct the IRS to audit Mr. Barnes' wife's tax returns. Id. The Court agrees with these arguments.

A. **Mr. Barnes' Claims Concerning IRS Penalties**

The Tucker Act grants the Court of Federal Claims jurisdiction to hear "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). This jurisdictional grant extends to suits for the refund of taxes. See Ont. Power Generation v. United States, 369 F.3d 1298, 1301 (Fed. Cir. 2004); Ledford v. United States, 297 F.3d 1378, 1382 (Fed. Cir. 2002); Shore v. United States, 9 F.3d 1524, 1525 (Fed. Cir. 1993); see also 28 U.S.C. § 1346(a)(1) (granting the Court of Federal Claims concurrent jurisdiction with the district courts over civil actions "against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority").

However, a plaintiff must satisfy statutory prerequisites before the Court of Federal Claims can exercise jurisdiction over a tax refund suit. See Ishler v. United States, 115 Fed. Cl. 530, 534–35 (2014). One of those prerequisites is the "full payment rule." See Shore, 9 F.3d at 1525–27 (explaining that 28 U.S.C. § 1346(a)(1) imposes a "full payment rule" in tax refund

3

suits). That rule "demands . . . full payment of the tax or penalty before a party c[an] sue for a refund." Diversified Grp. Inc. v. United States, 841 F.3d 975, 981 (Fed. Cir. 2016) (citing Flora v. United States, 362 U.S. 145, 177 (1960)); see also Diamond v. United States, 603 F. App'x 947, 949 (Fed. Cir. 2015) (The full payment rule "applies when a taxpayer is protesting a penalty imposed under 26 U.S.C. § 6702 by the IRS.").

Here, Mr. Barnes does not allege that he paid the penalties that the IRS assessed against him for the 2013, 2014, and 2016 tax years. See Compl. at 2. He likewise does not allege that he paid the penalties he says the IRS charged him in connection with a tax return he filed in 2019. See id. And the IRS records before the Court do not show any such payments. See Def.'s Mot. Ex. 3, at 3, 7, 10. Mr. Barnes therefore failed to satisfy the full payment rule. See Shore, 9 F.3d at 1525–27. To the extent he seeks a refund of the IRS's penalties, the Court must dismiss his claims for lack of jurisdiction.

If Mr. Barnes instead seeks to prevent the IRS from collecting the tax penalties in the first instance, the Court similarly lacks jurisdiction over his claims. See Compl. at 3 (requesting that the IRS penalties "be discharged"). "[N]o statutory authority exists that would grant the Court of Federal Claims the power to enjoin an IRS collection proceeding." Ledford, 297 F.3d at 1381. Indeed, the Anti-Injunction Act provides generally that "no suit for the purposes of restraining the assessment or collection of any tax shall be maintained in any court." I.R.C. § 7421(a). This prohibition extends to the collection of penalties. See Schlabach v. United States, 97 Fed. Cl. 232, 234 n.4 (2011) ("Penalties for frivolous submissions are a 'tax' within the meaning of the Anti–Injunction Act.").

### B.    Mr. Barnes' Claims Concerning the Tax Court's Decision

As noted, Mr. Barnes also appears to contest the United States Tax Court's decision that he had a tax deficiency in the 2016 tax year. See Compl. at 2; Def.'s Mot. Ex. 1, at 1. This Court, however, "lacks jurisdiction over a tax refund case if the plaintiff seeks a refund for the same tax year covered in a deficiency notice and in the plaintiff's petition to the Tax Court." Cheesecake Factory Inc. v. United States, 111 Fed. Cl. 686, 695 (2013) (citing I.R.C. § 6512(a); see also Stephanatos v. United States, 81 Fed. Cl. 440, 442 (2008) (explaining that the Tax Court has "exclusive jurisdiction" over "the entire subject of the correct tax" for the tax year at issue in the plaintiff's petition), aff'd, 306 F. App'x 560 (Fed. Cir. 2009).

Nor can this Court review the Tax Court's decision. See Vaitkus v. United States, 230 Ct. Cl. 815, 815 n.1 (1982) (per curiam) (citing I.R.C. § 7482(a)). The Internal Revenue Code states that the federal courts of appeals "shall have exclusive jurisdiction to review the decisions of the Tax Court." I.R.C. § 7482(a). The Court therefore lacks jurisdiction over Mr. Barnes' claims related to the Tax Court's determination that he had a tax deficiency in the 2016 tax year.

### C.    Mr. Barnes' Claims Concerning Certain Tax Credits

The Court likewise cannot order the IRS to audit Mr. Barnes' wife's account and grant him the child tax credits that he alleges she improperly claimed. See Compl. at 2–3. The Court "does not possess general equity jurisdiction," Roth v. United States, 378 F.3d 1371, 1384 (Fed.

4

Cir. 2004), and it may only afford such relief "as an incident of and collateral to" a monetary judgment, 28 U.S.C. § 1491(a)(2). Thus, the Court may not direct the IRS to audit Mr. Barnes' wife's tax returns absent an award of monetary relief. See Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997) ("The Tucker Act does not provide independent jurisdiction over such claims for equitable relief.").

But even if the Court construes Mr. Barnes' complaint to claim a refund in an amount equal to the value of the credits to which he alleges he was entitled, the Court must still dismiss the claim. For one, the complaint does not identify the tax years at issue and the amount Mr. Barnes wants refunded—information that the Rules of the Court of Federal Claims require in any tax refund suit. See Compl. at 2–3; RCFC 9(m)(2). Moreover, Mr. Barnes does not allege that he satisfied the full payment rule by first paying the amount that he says should have been credited to him. See Compl. at 2; Shore, 9 F.3d at 1525–27.

In addition, as far as the Court can tell, Mr. Barnes has not filed a formal administrative refund request with the IRS regarding these credits. It is well established that a plaintiff must "duly file[]" an administrative refund request before filing a tax refund suit. See United States v. Clintwood Elkhorn Min. Co., 553 U.S. 1, 14 (2008); see also I.R.C. § 7422(a) ("No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the [IRS] . . . .").

The IRS's regulations specify requirements for filing an administrative refund request, including that it offer sufficient details and facts "to apprise the Commissioner of the exact basis" of the request, and that it "be verified by a written declaration that it is made under the penalties of perjury." Treas. Reg. § 301.6402-2(b)(1). Mr. Barnes does not allege, and nothing in the record before the Courts suggests, that he met these requirements for filing a refund request. See Compl. at 2.

To be sure, "under certain circumstances, it is sufficient that the taxpayer submit a so called 'informal claim'" for a refund. Donahue v. United States, 33 Fed. Cl. 600, 608 (1995). An informal refund claim is one that "put[s] the Commissioner on notice of what the taxpayer is claiming and that he is in fact making a claim for refund." Newton v. United States, 163 F. Supp. 614, 619 (Ct. Cl. 1958).

But Mr. Barnes' complaint references only his "correspondence" with the IRS about the credits to which he contends he was entitled, as well as "referrals for investigations" and a 2022 "report" he allegedly submitted to the IRS concerning his wife's tax returns. Compl. at 2. The Court cannot discern from these bare allegations whether the documents they reference included details sufficient to alert the IRS to Mr. Barnes' refund request. At any rate, Mr. Barnes bears the burden of establishing this Court's subject-matter jurisdiction by preponderant evidence. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). He has failed to do so.

5

**CONCLUSION**

       For the reasons set forth above, the government's motion, Docket No. 11, is **GRANTED**. Mr. Barnes' complaint is therefore **DISMISSED without prejudice** for lack of subject-matter jurisdiction.² The Clerk shall enter judgment accordingly.

       **IT IS SO ORDERED.**

*[signature]*

ELAINE D. KAPLAN
Chief Judge

---

² Mr. Barnes filed an application to proceed in forma pauperis. Docket No. 2. His application, which is signed under penalty of perjury, includes information about his assets, debts, and sources of income. Id. Based on this information, the Court determines that Mr. Barnes is unable to pay the fees associated with this action. See id.; 28 U.S.C. § 1915. His application is therefore **GRANTED**.